UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

L'TANYA SILAS,

          Plaintiff,

                                     Case No. 26-cv-0501-bhl

   v.

TOUCHPOINT SUPPORT SERVICES LLC,

          Defendant.

---

## SCREENING ORDER

---

On March 27, 2026, Plaintiff L'Tanya Silas, proceeding without an attorney, filed two extremely similar complaints against her former employer, Defendant Touchpoint Support Services LLC. She also filed a motion for leave to proceed without prepayment of the filing fee, which the Court denied. (ECF Nos. 2 & 3.) Silas then voluntarily dismissed one of her cases, paid the filing fee in this case, and requested leave to file an amended complaint. (ECF No. 5.) The Court granted leave, and Silas's amended complaint, (ECF No. 7), is now the operative document in this action. Silas now asks the Court to order the U.S. Marshals to serve her amended complaint to Touchpoint. (ECF No. 8.) The Court may screen her complaint to determine if it is frivolous or fails to state a claim. 28 U.S.C. §1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be granted."); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) (citing *Rowe v. Shake*, 169 F.3d 778, 783 (7th Cir. 1999)). In the interests of conserving both public resources and the parties' efforts, the Court will screen Silas's amended complaint.

## LEGAL STANDARD

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim

showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

L'Tanya Silas is a Milwaukee resident. (ECF No. 7 at 1.) Touchpoint Support Services LLC is Silas's former employer. (*Id.* at 1–2.) Christopher Stoll is another Touchpoint employee. (*Id.* at 2.)

On February 14, 2025, Stoll said Silas had embarrassed him the previous day and took her leadership position away. (*Id.*) Talma Christian, who served as a Touchpoint "director," gave Silas her position back. (*Id.*) Stoll then changed Silas's work schedule and denied her overtime. (*Id.*)

At 7:15 a.m. the following morning, Stoll called Silas and directed her not to come to work, although she had already been approved to work overtime on that day. (*Id.*) Christian then also called Silas "at home," told her to stay home but indicated she could "do overtime" on February 17, 2025. (*Id.*)

When Silas came to work on February 17, 2025, Stoll called her to his office, took away her leadership duties, and threatened to fire her. (*Id.*) Silas then filed a human resources complaint against Stoll, who witnessed her making the complaint. (*Id.*) That same day, Stoll "wrote [Silas] up" for an unspecified incident that happened on February 13, 2025. (*Id.* at 3.) This write-up was "later rescinded." (*Id.*)

On February 19, 2025, Silas gave Stoll an "FMLA Dr. Paper," which he said he had to investigate. (*Id.*) Stoll then "called ADA, HR coordinator" and put Silas on modified duties. (*Id.*) Silas does not describe what her job duties were before, or how they were modified.

On March 6, 2025, Silas was put on continuous leave, but she maintains that she never requested leave. (*Id.*) She does not specify what form of leave this was, but from context it appears to be FMLA leave.

On April 17, 2025, Stoll told Silas that he could not accommodate her ten pounds restrictions. (*Id.*) Silas states she had been "on FMLA" since 2012, sometimes with restrictions, and that she never had any problem related to this arrangement until after she made her complaint to human resources about Stoll. (*Id.*)

On August 25, 2025, Silas was offered a position at the same location and told the location could now accommodate her restrictions. (*Id.*) She refused the offer because she "didn't feel safe." (*Id.*)

On October 25, 2025, Silas received an email stating "appropriate actions [were] taken with Stoll" and that "accommodation leaders" would contact her, but she was never contacted. (*Id.*) At one point, Silas received an email "stating [she] would be returning to [her] regular shift and position" but that did not happen. (*Id.*)

On October 26, 2025, someone from the accommodation team offered Silas a position but did not know the position's location. (*Id*.) After that, Touchpoint did not provide more details. (*Id.*)

On December 3, 2025, Silas received an email stating her employment was terminated. (*Id.*)

## ANALYSIS

Silas states she is suing for a violation of federal law and identifies several potential claims in the section describing the relief she is seeking. (*Id.* at 4 ("FMLA interference, retaliation, harassment, discrimination, . . . emotional distress . . . wrongful termination").) Silas's amended complaint implicates the Family and Medical Leave Act (FMLA), and possibly the Americans with Disabilities Act (ADA). But her allegations are insufficient to state a claim for any of her potential federal causes of action and the Court will therefore dismiss her amended complaint and grant her leave to file a second amended complaint.

With respect to potential claims under the FMLA, Silas's allegations are insufficient. The FMLA prohibits employers from interfering with, restraining, or denying an employee's exercise of, or attempt to exercise, any right provided by the statute. 29 U.S.C. §2615(a). To state an FMLA interference claim, Silas must allege facts to support a plausible inference that (1) she was eligible for FMLA protection, (2) her employer was covered by the FMLA, (3) she was entitled to take leave under the FMLA, (4) she provided sufficient notice of her intent to take leave or exercise a right secured by the FMLA and (5) her employer denied her FMLA benefits to which she was entitled. *Foren v. LBC Optics Inc.*, Case No. 23-cv-00095-bhl, 2023 WL 3752187, at *2 (E.D. Wis. June 1, 2023) (citing *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006)); *Chitwood v. Ascension Health All.*, 168 F.4th 493, 497 (7th Cir. 2026). To state an FMLA retaliation or discrimination claim, Silas must allege facts supporting findings that (1) she engaged in statutorily protected activity, (2) her employer took adverse action against her, and (3) the protected activity caused the adverse action. *Foren*, 2023 WL 3752187, at *4 (citing *Ryan v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 837 F.Supp.3d 834, 838 (N.D. Ill. 2011)); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011).

Silas does not provide enough facts for the Court to infer that she has stated a claim for relief on any of her FMLA theories. Silas alleges that she has previously been "on FMLA" since 2012 and provided an "FMLA Dr. paper." (ECF No. 7 at 3.) But she does not provide enough facts for the Court to understand what she means by being "on FMLA," what that paper was, or how it was related to her FMLA rights and her employer's actions. *See Twombly*, 550 U.S. at 570. Silas's allegations are simply not clear enough to provide the Court or defendant notice of her claim, and she therefore fails to state a claim for FMLA interference, retaliation, or discrimination.

Silas also identifies the ADA in passing but, again, does not provide any facts to support a claim for discrimination or retaliation under the ADA. To state a claim for employment discrimination under the ADA, a plaintiff must allege that (1) she is disabled within the meaning of the statute; (2) she is qualified to perform the essential functions of the job either with or without reasonable accommodation; and (3) she suffered an adverse employment action because of his disability. *Graham v. St. John's United Methodist Church*, 913 F.Supp.2d 650, 654 (S.D. Ill. 2012) (citing *Hoppe v. Lewis Univ.*, 692 F.3d 833, 839 (7th Cir. 2012)). A plaintiff is disabled within the meaning of the ADA if she has a physical or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an

impairment. 42 U.S.C. §12102(1)–(3)(A). To state a claim for retaliation under the ADA, a plaintiff must allege (1) that she engaged in a statutorily protected activity; (2) she suffered an adverse action; and (3) a causal link between the two. *Graham*, 913 F.Supp.2d at 656; *Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522,* 657 F.3d 595, 601 (7th Cir. 2011). Statutorily protected activity includes "oppos[ing] any act or practice' that the ADA prohibits, "mak[ing] a charge," or "participat[ing]" in an ADA case. 42 U.S.C. §12203(a).

Silas referenced "lifting restrictions" and mentions "ADA" in passing, but this is not enough to allow the Court, or Touchpoint, to understand what claims Silas is trying to bring. *See Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a). If Silas believes she is disabled within the meaning of the ADA, and that her employer discriminated against her because of her disability or retaliated because she took some action protected by the ADA, she should describe the basis for that belief in her second amended complaint.

Silas's remaining potential claims for intentional infliction of emotional distress and wrongful termination are both based on state law. Silas has invoked the Court's federal question jurisdiction, (ECF No. 7 at 4), but her state law claims, standing alone, fail to satisfy the Court's jurisdictional requirements. While the Court might theoretically have diversity jurisdiction over these claims, the amended complaint does not include facts that establish whether diversity jurisdiction is present. Silas does not allege the identity or citizenship of the members in Touchpoint, which is a limited liability company. *See Camico Mut. Ins. Co. v. Citizens Bank,* 474 F.3d 989, 992 (7th Cir.2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."); *see also* 28 U.S.C. §1332(a). The Court therefore cannot determine if it has diversity jurisdiction over Silas's claims. Silas's federal claims would have provided the basis for supplemental jurisdiction for her state law claims, but those claims have been dismissed. Because these claims appear to have no independent basis for jurisdiction, and Silas's other claims are dismissed, these claims will also be dismissed. *See* 28 U.S.C. §1367(c)(3); *see also Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008).

The Seventh Circuit has instructed that a *pro se* plaintiff be afforded the opportunity to amend her complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Silas believes she can cure the deficiencies identified in this decision, she may file a second amended complaint by July 8, 2026. Silas's second amended complaint should read like a narrative being told to someone who does not know what happened. It should specify when and

where the relevant events occurred and explain what happened. It should provide enough context for a reader to understand the events she describes. It does not need to include citations to cases. The second amended complaint must also include the docket number assigned to this case and must be labeled "Second Amended Complaint." It will supersede Silas's prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If a second amended complaint is not received, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Silas's Amended Complaint, ECF No. 7, is **DISMISSED without prejudice.** If Silas wishes to proceed with this lawsuit, she must file an amended complaint on or before **July 8, 2026.** If the Court does not receive Silas's amended complaint by that date, the case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Silas's Motion for the Court to Order Service, ECF No. 8, is **DENIED without prejudice**. If Silas files a second amended complaint and wishes to request service pursuant to Fed. R. Civ. P. 4(c), rather than serving the Defendant herself, she may renew this request.

Dated at Milwaukee, Wisconsin on June 8, 2026

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge